**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

PATRICIA GEARY,                          )
                                         ) No. 13-1351
      Plaintiff,                         )

      v.

CAROLYN W. COLVIN,

      Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for disability benefits pursuant to Title XVI of

the Social Security Act.  Plaintiff alleged disability due to diabetes, degenerative joint disease

with meniscal tear, and adjustment disorder, with a date of onset of July 4, 2010.  The

application was denied upon hearing, at which Plaintiff was not present.[1]  Plaintiff was twenty

years old at the time of the hearing.  This appeal followed, and Plaintiff's Motion for Judgment

on the Pleadings, and Defendant's for Summary Judgment, are before the Court.  For the

following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by

statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review

the transcripts and records upon which a determination of the Commissioner is based, and the

court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to

support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

---

[1] Plaintiff's absence from the hearing is not raised as a concern on appeal.

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## I. THE PARTIES' MOTIONS

In this case, the ALJ concluded that Plaintiff retained the residual functional capacity to perform light work, with many limitations relating both to her physical and mental condition. Plaintiff contends that the ALJ erred by failing to seek additional medical evidence. Plaintiff objects that the ALJ interpreted these bare medical findings himself, without the benefit of expert opinion regarding functional limitations. Defendant, correctly asserting that the ALJ is not required to obtain an expert opinion in any event, notes that it was patently unnecessary in this case. Plaintiff also complains that the ALJ failed to give appropriate weight to the opinion of Dr.

Tavoularis, a one-time examiner, and instead credited a non-examining source; relied solely on a non-exmining source to reject Dr. Tavoularis' opinion; and failed to consider Plaintiff's problems falling asleep at a reasonable hour.

Plaintiff relies on Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986), in which the Third Circuit suggested that an RFC must be based on medical opinion regarding the activity that a claimant can perform. "'Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). Keller v. Colvin, 12-1502, 2014 U.S. Dist. LEXIS 21078 (M.D. Pa. Feb. 20, 2014). Thus, "remand is not always required when an ALJ fails in his duty to request opinions, particularly where… the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." Toland v. Colvin, No. 12-1663, 2013 U.S. Dist. LEXIS 166756, at *28 (W.D. Pa. Nov. 25, 2013); cf. Pollace v. Astrue, No. 6-5156, 2008 U.S. Dist. LEXIS 9735 (E.D. Pa. Feb. 11, 2008). Generally speaking, an ALJ is required to seek additional medical evidence if the evidence presented is inconclusive or unclear. See Clark v. Colvin, No. 12-1116, 2013 U.S. Dist. LEXIS 103363, at *26 (D. Del. July 24, 2013).

Plaintiff first complains about the failure to obtain additional medical information regarding her knee. The MRI and evidence referred to consists of a single report by Dr. Sheba, authored on July 22, 2011. The report, while noting Plaintiff's subjective pain complaints (including the pain on full extension and moderate tenderness that Plaintiff notes in her brief), found normal objective examinations of the knees in all respects. A note of antalgic gait, along

with subjective complaints, does not require additional evidence in light of the objective medical evidence of record.   Plaintiff points to no other evidence regarding her knee condition.   Further, as Defendant notes, the record reflects that in January 2011, Plaintiff injured her hand while playing volleyball.   Lastly, Plaintiff's counsel indicated that Plaintiff's primary concern was with her non-exertional limitations, and exertional limitations related to diabetes.   With regard to Plaintiff's diabetes and mental impairments, the ALJ considered all of the evidence, and noted Plaintiff's significant history of noncompliance.

This situation is markedly unlike that in Doak, where one physician opined that claimant was able to do sedentary work, one opined that another was totally disabled, one rendered no opinion about ability to work, and the ALJ nevertheless concluded that claimant was able to perform light work.   Doak, 790 F. 2d at 26.   In Doak, "[t]he Third Circuit did nothing more than make a substantial evidence finding in light of a limited record and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case law confirms this understanding."   Doty v. Colvin, No. 13-80, 2014 U.S. Dist. LEXIS 21, at **3-4 (W.D. Pa. Jan. 2, 2014).[2]   Under all of the circumstances here, the record contained sufficient evidence to allow the ALJ to assess Plaintiff's RFC.   This Court, in addition, has carefully reviewed every page of the record presented to the ALJ, alongside the ALJ's opinion.   The ALJ did not err in failing to seek additional evidence.

I next address Plaintiff's argument regarding Dr. Tavouaris, who examined Plaintiff in connection with her disability claim.   Dr. Tavouaris opined that Plaintiff was markedly impaired in her ability to interact with co-workers, but found only moderate limitations in work-related functioning.   State agency psychologist Dr. Diorio, a non-examining source, found that Dr.

_____

[2] I recognize that Judge Bloch's discussion in Doty disagrees with the analysis expressed in Gunder v. Astrue, No. 11-300, 2012 U.S. Dist. LEXIS 19232, at **56-58 (M.D. Pa. Feb. 15, 2012).

Tavoularis' findings about Plaintiff's personal and social adjustability were not consistent with all of the evidence. Considering the credibility of Plaintiff's allegations, Dr. Diorio's opinion, and the internal inconsistencies in Dr. Tavoularis' opinion, the ALJ gave little weight to Dr. Tavoularis' opinion. The ALJ also considered other evidence of record, such as Plaintiff's ability to attend classes, live with friends, and attend medical appointments. In considering Plaintiff's mental impairments, the ALJ did not specifically mention her problems falling asleep, but I am satisfied that he considered the totality of the record. It is axiomatic that the ALJ may choose whom to credit, so long as he expresses an appropriate reason for his choice. See, e.g., Masher v. Astrue, 354 Fed. Appx. 623, 627 (3d Cir. 2009). Here, the ALJ clearly assessed the evidence before him, rather than employing his own expertise or making speculative inferences; he did not err in his assessment of Dr. Touvaris' opinion.

## CONCLUSION

In sum, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 22nd day of May, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Judgment on the Pleadings [8] is DENIED, and Defendant's Motion for Summary Judgment [10] is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court